### KATZ v. TOBIAS et al.

(Supreme Court, Appellate Division, First Department. June 15, 1906.)

RECEIVERS—ACCOUNTING PENDENTE LITE.

> An action was begun to restrain defendants from disposing of a machine plant. A receiver appointed pendente lite sold the same and on a motion to compel the receiver to account it appeared that, as between plaintiff and the only defendants who had any interest in the fund, the action had been finally determined, and that the counterclaim for damages defendant T. had set up against plaintiff had no effect on the receivership. *Held*, that the pendency of such counterclaim was no reason for denying a motion to compel the receiver to account, and for distribution of the funds in his hands among the parties entitled thereto.

Appeal from Special Term, New York County.

Action by Aaron E. Katz against William A. Tobias and others impleaded with Lee Monsheimer and others. From an order denying a motion to compel a receiver appointed pendente lite to account, Monsheimer and others appeal. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Milton M. Goldsmith, for appellant.
Levine L. Brown, for respondent Katz.
Wilson Randolph Yard, for respondent Tobias.

McLAUGHLIN, J. This action was commenced to obtain an injunction restraining the defendants from disposing of a machine plant. A receiver was appointed pendente lite. The machine plant, at the time of the commencement of the action, was in possession of the defendant Tobias, who was acting as the agent of the defendants Monsheimer and Freeman to sell the same. The receiver sold the plant, and realized, including moneys turned over to him by Tobias, a little over $5,000. The defendants Freeman, Waller, Goldsmith, and Monsheimer demurred to the complaint, and their demurrers were sustained, and a judgment entered dismissing the complaint as to them. The defendant Tobias interposed an answer, in which he set up a counterclaim for $2,000 damages, alleged to have been sustained by reason of the acts of the plaintiff in bringing the action, which, according to his contention, destroyed an agreement under the terms of which he was authorized to sell the plant for $4,500, and to have all he received for the same in excess of that amount. Subsequently a motion was made to discharge the receiver and for an accounting. The motion was denied, and it is from this order that the appeal is taken.

I am of the opinion the motion should have been granted. According to the moving papers (and the fact does not seem to be disputed), the defendants Freeman, Monsheimer, Waller, and Goldsmith are the only persons interested in the funds held by the receiver. The defendants Mooney and Doe do not appear to have had any interest, and the defendant Tobias was merely an agent employed by Monsheimer and Freeman to sell the plant. As between the plaintiff and the

defendants Freeman, Monsheimer, Waller, and Goldsmith, the action has been finally determined, and therefore there is no reason why the receiver should not account and be discharged. The fact that the defendant Tobias has interposed a counterclaim against the plaintiff is of no importance so far as the question here presented is concerned. He does not claim anything against the other defendants, and, if he did, his claim would be unavailing, because he did not serve a copy of his answer upon them prior to the determination of the demurrers and the entry of the judgment thereon. Besides, the relief which he asks is not against the defendants, but against the plaintiff for depriving him of the benefit of the contract to sell the plant and receive the proceeds after deducting the costs and expenses of the sale in excess of $4,500. According to the record on appeal, such proceeds will not exceed $4,500. Therefore, Tobias, under his agreement, has no interest in the fund, and the claim which he has, if any, is reduced solely to the one against the plaintiff for destroying his contract. The fact that he has this claim, or has interposed a counterclaim to enforce it, is no reason why the other parties should be deprived of property to which they are justly entitled. This being so, the receiver should account and pay over the moneys held by him to the parties entitled thereto.

The order appealed from, therefore, should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, to the extent of directing the receiver to account for his acts and proceedings as such, and pay over the moneys held by him, after deducting his fees and the expenses of the receivership, to the persons legally entitled thereto. All concur.

<hr>

### PAVENSTEDT v. NEW YORK LIFE INS. CO.

(Supreme Court, Appellate Division, First Department. June 15, 1906.)

1. BILLS AND NOTES—ACTION—DAMAGES FOR DISHONOR.

Where the payee of a draft payable in New York, but drawn in a foreign country, negotiated it to a broker there, receiving the irredeemable paper currency of that country, and the draft was dishonored, whereby the payee on reimbursing the broker suffered a loss owing to the depreciation of the local currency, the fluctuation was not to be considered in computing re-exchange.

2. SAME—RE-EXCHANGE.

Appeal from Special Term, New York County.